IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DONTE LAWRENCE, | |
| --- | --- |
| *Petitioner*, | |
| v. | CIVIL ACTION NO. 17-871 |
| LAWRENCE MAHALLY, *et al.*, | |
| *Respondents*. | |

**PAPPERT, J.**                                                                                                          May 17, 2019

## MEMORANDUM

Donte Lawrence filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Magistrate Judge David Strawbridge subsequently issued a Report and Recommendation ("R&R") recommending denial of the Petition. Lawrence timely objected to the R&R. After thoroughly reviewing the record, Judge Strawbridge's R&R and Lawrence's objections thereto, the Court adopts the R&R and denies Lawrence's Petition.

I

On January 5, 2010, Lawrence and his girlfriend were at Lawrence's home in Coatesville, Pennsylvania when they heard "a loud noise and glass breaking" at the back door. *Com. v. Lawrence*, 2013 WL 11255504, at *1 (Pa. Super. Ct. Aug. 9, 2013). As the intruders fled the scene, Lawrence saw one wearing a distinctive leather jacket with a design on the back. *Id.* He called his friend Shamaur Hall to help him search for the intruders. *Id.* Shortly after, Lawrence and Hall found a man in a nearby alley wearing a leather jacket with a design on the back. *Id.* Thinking he was one of the intruders, Lawrence shot him several times, killing him. *Id.*

1

Lawrence fled to Georgia, where the police arrested him in August of 2010. *Id.* He was extradited to Pennsylvania and charged with criminal homicide and other offenses related to the shooting. *Id.* A jury found Lawrence guilty of first-degree murder and possession of a firearm and he was sentenced to life in prison. *Id.* On direct appeal, Lawrence raised a number of issues of alleged trial court error. *Id.* at *1–9. On August 9, 2013, the Pennsylvania Superior Court affirmed Lawrence's conviction and sentence. *Id.* at *9. The Pennsylvania Supreme Court denied Lawrence's Petition for Allowance of Appeal on January 8, 2014. *Com. v. Lawrence*, 84 A.3d 1063 (Pa. 2014).

On January 2, 2015, Lawrence filed a timely *pro se* petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"). *Com. v. Lawrence*, 165 A.3d 34, 39 (Pa. 2017); 42 Pa. Cons. Stat. § 9541. The PCRA court appointed counsel, who filed an amended petition on July 28, 2015 requesting an evidentiary hearing for two of the issues raised in Lawrence's *pro se* petition. *Lawrence*, 165 A.3d at 39. The amended petition acknowledged that Lawrence's other issues had no merit. *Id.* Dissatisfied with appointed counsel's advocacy, Lawrence requested time to retain private counsel, which the court granted. *Id.* Lawrence's private counsel thereafter filed an amended petition on January 21, 2016 raising five issues in addition to the two identified by prior PCRA counsel. *Id.* The PCRA court held an evidentiary hearing on February 1, 2016 and dismissed Lawrence's petition on July 25, 2016. *Id.*

Lawrence's retained counsel appealed, addressing the same seven issues she raised in her amended petition. *Id.* While the appeal was pending in the Superior Court, Lawrence filed his *pro se* habeas petition in this Court on February 17, 2017.

2

(R&R at 4.)  On May 30, 2017, the Superior Court affirmed the denial of PCRA relief. *Lawrence*, 165 A.3d at 49.  Lawrence did not seek review of that denial in the Supreme Court of Pennsylvania.

II

A

Courts give "a liberal construction to *pro se* habeas petitions."  *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (quoting *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (citation omitted)).  Lawrence lodges two objections to Judge Strawbridge's R&R, arguing that trial counsel was ineffective for: (1) failing to object to the prosecutor's reference to Lawrence as a "cold-blooded murderer" in his opening statement and (2) failing to request a "corrupt and polluted source" instruction related to Hall's testimony.  *See* (Obj., ECF No. 19).  "[F]or the portion of the R&R to which no objection [is] made, the Court reviews the R&R for clear error."  *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016).[1]  The Court reviews *de novo* the specific portions of the R&R to which a party objects.  *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

---

[1] When reviewing those portions of the report to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes; see also *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  For the portions of the R&R to which Lawrence has not objected, no clear error appears on the face of the record and the Court accordingly accepts Judge Strawbridge's recommendation.

B

Section 2254(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a federal court's ability to grant *habeas corpus* relief to a petitioner based upon a federal constitutional claim that was "adjudicated on the merits" in state court. 28 U.S.C. § 2254(d). Where § 2254(d) applies, habeas relief shall not be granted unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* A state court ruling is "contrary to" clearly established federal law if the court applies a rule that contradicts governing law set by the Supreme Court or if the court confronts a set of facts that are materially indistinguishable from a Supreme Court decision but arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406–07 (2000). A state court ruling "is considered an 'unreasonable application' if the state court unreasonably applies the correct legal rule to the particular facts, unreasonably extends a legal principle to a new context, or unreasonably refuses to extend the principle to a new context where it should apply." *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009). The petitioner must demonstrate that the state court's analysis was "objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). Where the state court's resolution of a claim required it to make a factual determination, the statute further provides that the state court's factual determination "shall be presumed to be correct," and that the petitioner bears the burden to rebut this presumption with a showing of "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

C

The Supreme Court's two-part test in *Strickland v. Washington* governs claims for ineffective assistance of counsel. 466 U.S. 668 (1984). "To succeed on such a claim, the petitioner must demonstrate (1) that counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) that the petitioner suffered prejudice as a result of the deficiency." *Blystone v. Horn*, 664 F.3d 397, 418 (3d Cir. 2011) (citing *Strickland*, 466 U.S. at 687)). With respect to *Strickland*'s first prong, there is a "strong presumption" that counsel's performance was not deficient. *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Where "the record does not explicitly disclose trial counsel's actual strategy or lack thereof (either due to lack of diligence on the part of the petitioner or due to the unavailability of counsel), the presumption may only be rebutted through a showing that no sound strategy . . . could have supported the conduct." *Thomas v. Varner*, 428 F.3d 491, 500 (3d Cir. 2005).

With respect to prejudice, the defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To make this showing, the "[d]efendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). The Court must consider the totality of the evidence before the

5

jury in determining whether a petitioner satisfied this standard. *See Berghuis*, 560 U.S. at 389. Further, counsel cannot be found to be ineffective for failing to pursue a meritless claim. *See United States v. Bui*, 795 F.3d 363, 366–67 (3d Cir. 2015) ("'[T]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.'" (quoting *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999))).

III

A

Judge Strawbridge determined that the state court's rejection of Lawrence's ineffective assistance of trial counsel claim regarding the prosecutor's use of "cold-blooded murderer" in his opening statement was not an unreasonable application of *Strickland* nor an unreasonable determination of the facts. (R&R at 7–10.) Lawrence argues that this finding contravenes trial counsel's obligation to object to a prosecutor's stigmatizing remarks. (Obj. at 8.)

Prosecutorial misconduct is insufficient to overturn a conviction unless it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974). It is not enough to show that a prosecutor's remarks were inappropriate or even deserving of universal condemnation. *Darden v. Wainwright,* 477 U.S. 168, 181 (1986). A reviewing court must "examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the [petitioner]." *Moore v. Morton,* 255 F.3d 95, 107 (3d Cir. 2001).

In ruling on trial counsel's ineffectiveness, the Superior Court applied the *Strickland* standard and concluded that the prosecutor's use of "cold-blooded murderer" was a "fair comment on expected evidence that [Lawrence] pursued, slayed, and disparaged his victim, and it was not so graphic, given the context of such evidence, to have had had the unavoidable effect of prejudicing the jury." *Commonw.*, 165 A.3d at 42. Finding that this reference was within the "reasonable latitude accorded to the prosecution in presenting its version of the case," the court rejected Lawrence's claim as lacking merit. *Id.* Because the prosecutor's comment did not infect the trial with unfairness as to deny due process, trial counsel's failure to object did not fall below an objective standard of reasonableness. Thus, the state court's determination was not an unreasonable application of *Strickland* in the context of alleged prosecutorial misconduct. Further, there was a factual basis for the determination. Although Lawrence argues that "no purpose could be served by counsel's silence," (Obj. at 10), trial counsel explained at an evidentiary hearing that it would have been more harmful to his client if he "objected and highlighted that [the prosecutor's reference to cold-blood murderer] as opposed to not objecting." (PCRA Hr'g Tr. 10:22–24, February 1, 2016.) Trial counsel also stated that requesting a curative instruction would have "rehash[ed] something I didn't want to rehash." (*Id.* at 11:1–8.)

B

Lawrence also objects to Judge Strawbridge's finding that trial counsel was not ineffective for failing to request a "corrupt and polluted source" instruction relating to

Hall's testimony. (R&R at 12–14.)[2] He contends that trial counsel's performance was deficient because this instruction was "essential" where the evidence showed that Hall "had some culpability . . . [and] was acting as an accomplice" to Lawrence. (Obj. at 18, 22.)

At the PCRA hearing, trial counsel explained that if he asked for a corrupt and polluted source jury instruction, he "would have confused jurors in the sense that these two were in cahoots together and accomplices, and that was not [his] theory." (PCRA Hr'g Tr. 17:24–18:2.) His strategy was that Hall was the sole actor and that Lawrence "did not know that Mr. Hall was going to sho[o]t and kill this fellow." (*Id.* at 17:21–22.) Based on the record, the Superior Court determined that had trial counsel requested the instruction, "[Lawrence] would have been admitting that Mr. Hall was an accomplice in a shared plan to shoot the men who invaded [Lawrence]'s home—an admission in direct conflict with his defense theory." *Lawrence*, 165 A.3d at 45. Trial counsel made a strategic choice in not requesting the charge, and Lawrence has not overcome the presumption that this decision was not "sound trial strategy." *See Strickland*, 466 U.S. at 689. In fact, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Knowles v. Mirzayance*, 556 U.S. 111, 124, (2009) (quoting *Strickland*, 466 U.S. at 690.) Under AEDPA, where the state court's determination was not an unreasonable application of *Strickland* nor of the facts in light of the evidence, Lawrence is not entitled to habeas relief.

---

[2] Under Pennsylvania law, "[i]t is well established that in any case in which an accomplice implicates the defendant, the trial court should instruct the jury that the accomplice is a corrupt and polluted source whose testimony should be considered viewed with caution." *Com. v. Williams,* 557 Pa. 207, 732 A.2d 1167, 1181 (Pa. 1999).

IV

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability will not issue here because reasonable jurists would not debate this Court's rulings and Lawrence has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

V

For the reasons above, the Court adopts the R&R in its entirety, overrules Lawrence's objections and denies and dismisses Lawrence's Petition.

An appropriate Order follows.

BY THE COURT:

*/s Gerald J. Pappert*
GERALD J. PAPPERT, J.